# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00014-FDW-DSC

| | |
|---|---|
| INFECTION CONTROLS, INC.,<br><br>**Plaintiff,**<br><br>v.<br><br><br>GERM BLAST USA, LLC,<br><br>**Defendant.** | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

THIS MATTER is before the Court upon Plaintiff Infection Controls, Inc. d/b/a Germblast's ("Plaintiff") and Defendant Germ Blast USA, LLC's ("Defendant") (collectively, the "Parties") agreement as to the appropriate disposition thereof.

1. Defendant agrees and represents to the Court that:

    a. Defendant does not contest the jurisdiction or venue of this Court in this lawsuit.

    b. Plaintiff's Complaint sets out allegations that if proven at trial would be sufficient to support entry of judgment against Defendant.

    c. Defendant understands: (i) the allegations that have been made against it; (ii) that Defendant has the option of proceeding to trial; and (iii) the consequences of Defendant's decision to enter into this Consent Judgment and Permanent Injunction ("Judgment").

    d. Without admitting any liability or wrongdoing, Defendant consents to entry of this Judgment.

2. The Parties agree to the entry by the Court of a permanent injunction requiring the following:

   a. Defendant and any and all related or affiliated entities are permanently enjoined from doing business as "Germ Blast USA."

   b. Defendant and any and all related or affiliated entities are permanently enjoined from using the words "germblast," "germ blast," or other substantially similar terms in connection with their business. This includes Defendant's and any and all related or affiliated entities' presence on the internet and social media.

   c. Defendant and any related or affiliated entities are permanently enjoined from using the web address/domain name www.germblastusa.com or any other web address or domain name using the word "germblast" in connection with any business or services offered by Defendant or related or affiliated entities.

   d. Defendant agrees to transfer control of its www.germblastusa.com domain to Plaintiff for valuable consideration.

   e. This permanent injunction will continue in effect for so long as the words "germblast," "germ blast," or other substantially similar terms are used by Plaintiff, Plaintiff's successors in interest, or assigns, but will terminate if Plaintiff, or its successors in interest or assigns, abandon use of the words "germblast," "germ blast," or other substantially similar terms. For purposes of this provision, "abandon" shall mean (i) discontinued use of the words "germblast," "germ blast," or other substantially similar terms with an intent

not to resume; or (ii) discontinued used of the words "germblast," "germ blast," or other substantially similar terms for a period of two (2) consecutive years.

3. The Parties agree that Defendant shall have until April 30, 2021 to complete all actions required to bring Defendant in compliance with the permanent injunction.

4. The Parties agree to bear their own costs and attorney's fees, and therefore request that the Court not further allocate any costs, fees, disbursements, or expenses.

5. The Parties stipulate that except to the extent necessary for the entry of this Judgment and the future enforcement thereof, should enforcement be necessary, all claims and causes of action by either of the Parties against the other shall be dismissed with prejudice. Any future proceeding shall be only to seek enforcement of this Judgment and its injunctive terms and shall not seek to relitigate the underlying claims in this lawsuit.

NOW THEREFORE, having considered the Complaint filed and the agreements of the Parties herein, the Court finds and concludes as follows:

1. This Court has jurisdiction over the Parties and subject matter of this lawsuit, and venue is proper in this Court.

2. The allegations contained in the Complaint are well-pleaded and adequately set out a claim of trademark infringement.

IT IS THEREFORE ORDERED:

A. Defendant and any and all related or affiliated entities are permanently enjoined from doing business as "Germ Blast USA."
B. Defendant and any and all related or affiliated entities are permanently enjoined from using the words "germblast," "germ blast," or other substantially similar terms in connection with their business. This includes Defendant's and any and all related or affiliated entities' presence on the internet and social media.
C. Defendant and any related or affiliated entities are permanently enjoined from using the web address/domain name www.germblastusa.com or any other web address or domain name using the word "germblast" in connection with any business or services offered by Defendant or related or affiliated entities.
D. Defendant agrees to transfer control of its www.germblastusa.com domain to Plaintiff for valuable consideration.
E. This permanent injunction will continue in effect for so long as the words "germblast," "germ blast," or other substantially similar terms are used by Plaintiff or Plaintiff's successors in interest or assigns, but will terminate if Plaintiff, or its successors in interest or assigns, abandon use of the words "germblast," "germ blast," or other substantially similar terms. For purposes of this provision, "abandon" shall mean (i) discontinued use of the words "germblast," "germ blast," or other substantially similar terms with an intent not to resume; or (ii) discontinued used of the word "germblast" or term "germ blast" for a period of two (2) consecutive years.

F. To the extent this Judgment is entered prior to April 30, 2021, Defendant shall be permitted to bring itself within compliance of this Judgment and injunctive provisions by April 30, 2021.

G. The Court shall retain jurisdiction to make any further orders that may be necessary to carry out this Judgment. Each of the Parties shall bear their own costs, fees, and expenses incurred to date.

IT IS SO ORDERED.

Signed: March 31, 2021

Frank D. Whitney
United States District Judge